**Randall COWANS, Petitioner–Appellee,**

v.

**John MARSHALL, Warden,
Respondent–Appellant.**

**No. 09–56880.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 16, 2010.

Decided July 22, 2010.

Randall Cowans, pro se.

Henry C. Su, Howrey LLP, East Palo Alto, CA, for Petitioner–Appellee.

Charles Chung, Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, Jennifer Anne Neill, Supervising Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellant.

Before: FARRIS and SILVERMAN, Circuit Judges, and ROBART, District Judge.*

MEMORANDUM **

Respondent–Appellant John Marshall ("the Warden") appeals the district court's order granting Petitioner–Appellee Randall Cowans immediate release from prison without serving a period of parole.[1]

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Warden does not appeal the district court's 1 grant of Cowans's petition for a writ of habeas corpus.

We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

The district court did not abuse its discretion when it ordered Cowans's immediate release without serving a period of parole. "Federal courts have the latitude to resolve a habeas petition 'as law and justice require.'" *Pirtle v. Cal. Bd. of Prison Terms,* 611 F.3d 1015, 1025 (9th Cir.2010) (quoting 28 U.S.C. § 2243). "Ordering the release of a prisoner is well within the range of remedies available to federal habeas courts. 'Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him.'" *Id.* (quoting *Fay v. Noia,* 372 U.S. 391, 430–31, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), *overruled on other grounds by Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). Moreover, we have approved the practice of crediting unlawful time spent in custody against a prisoner's period of parole supervision. *See McQuillion v. Duncan,* 342 F.3d 1012, 1015 (9th Cir.2003). Here, the district court granted Cowans's habeas petition because Cowans had been unlawfully denied parole in 2001 and 2003. The California Board of Prison Terms failed to comply with district court's order to hold a hearing within 30 days of judgment to set Cowans's release date. The district court acted well within its discretion when it then ordered Cowans's immediate release.

**AFFIRMED.**